IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2258-P |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Lakeith Amir-Sharif, an inmate in the Dallas County Jail, against Dallas County, Texas, the Dallas County Sheriff's Department, and various detention officers and their supervisors. On December 7, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on February 8, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Although the precise nature of his claims are difficult to decipher, plaintiff appears to allege that he and other inmates were subjected to unwarranted cell and body searches in retaliation for filing grievances against detention officers. On one occasion, plaintiff was stripped in the presence of female guards and taken to a closet where a male guard performed a body cavity search. Deputy K. Jones and other officers then rummaged through plaintiff's legal materials, confiscating his pencils, ink pens, and stationary items. During this search, Jones allegedly told plaintiff that "you got too much legal paperwork, and you got to get rid of some of this . . ." Sergeant Lambert, who was called to the scene after plaintiff demanded to speak to a supervisor, supported the decision to confiscate his writing utensils for "security reasons." According to plaintiff, Lambert overruled a prior decision by Deputy Chief Mona Birdwell which would have allowed him to keep the ink pens. When plaintiff protested this action, Lambert "snidely" and "sarcasticly" told him to file a grievance.

Plaintiff now sues Jones, Lambert, and others for civil rights violations under 42 U.S.C. § 1983 and for intentional infliction of emotional distress under Texas law. In addition to his retaliation claim, plaintiff alleges that defendants failed to respond to his grievances, interfered with his right of access to the courts, and wrongfully confiscated his property.[2] By this suit, plaintiff seeks unspecified money damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

---

[2] In his complaint, plaintiff also refers to violations of the Americans With Disabilities Act ("ADA"), the Criminal Rights for Institutionalized Persons Act ("CRIPA"), and the right to equal protection under the law. (*See* Plf. Compl. at 4, ¶ V). However, plaintiff alleges no facts in his complaint or interrogatory answers to support those claims.

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim against the Dallas County Sheriff's Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Hill v. Dallas Co. Jail*, No. 3-05-CV-1342-M, 2006 WL 785496 at *2 (N.D. Tex. Mar. 28, 2006) (Kaplan, J.) (Dallas County Sheriff's Department not a proper defendant with jural existence); *Magnett v. Dallas Co. Sheriff's Dep't*, No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, J.) (same). Because plaintiff fails to allege or otherwise demonstrate that the Dallas County Sheriff's Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed.

Nor can plaintiff sue Sheriff Lupe Valdez, Deputy Chief Mona Birdwell, Deputy Chief Danny Downs, Captain J. Howell, and Lieutenant Sanders. As supervisors, these defendants are liable only if they: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that any of these defendants retaliated against him, participated in any of the objectionable searches, confiscated his legal materials, or destroyed his property. Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983. *See Rader v. Lubbock Co.*, No. 5-01-CV-258-C, 2003 WL 21145788 at *10-15 (N.D. Tex. Apr. 25, 2003) (failure to take corrective action in response to grievance does not rise to level of personal involvement).

The failure to identify an official policy, custom, or practice giving rise to a constitutional violation is also fatal to plaintiff's claim against Dallas County, Texas. *See Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). When asked if the actions of jail officials were the result of any official policy promulgated or implemented by the County, plaintiff generally referred to the deficient grievance system, inadequate supervision of detention officers, the failure to train and discipline employees, and inadequate or non-existent property confiscation and strip search procedures. (*See Spears* Quest. #8). However, plaintiff has not pointed to any formal policy or persistent widespread practice that was a "moving force" behind any constitutional violation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *reh'g en banc denied*, 251 F.3d 159 (5th Cir.) (Table), *cert. denied*, 122 S.Ct. 53 (2001). Without facts to support plaintiff's allegations, there is no basis for municipal liability under section 1983.

C.

The gravamen of plaintiff's complaint is that Jones and Lambert subjected him to unwarranted searches in retaliation for filing grievances. Plaintiff further alleges that those searches violated the prohibition against cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution. The court will examine these claims separately.

1.

Jail officials may not retaliate against an inmate for exercising his right of access to the courts or using the grievance system. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 106 S.Ct. 1975 (1986). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.), *cert. denied*, 127 S.Ct. 596 (2006), *quoting McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Mere conclusory allegations are insufficient. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell*, 841 F.2d 120, 122-23 (5th Cir. 1988). The prisoner must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166, *quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

Plaintiff has failed to allege sufficient facts which establish a retaliatory motive on the part of Jones or Lambert. To the contrary, his own allegations negate any inference that plaintiff was treated differently than other inmates because he filed grievances. In his complaint, plaintiff states that he and 19 other inmates housed on 3-West in the North Jail Tower filed "at least 100 administrative grievances" against Jones and other detentions officers on the second watch during the first week of September 2006. (*See* Plf. Compl. at 4-C, ¶ 15). Two weeks later, Jones ordered

cell and body searches of plaintiff "and all the other inmates in cell 3 West 3 and certain inmates in adjacent cells." (*Id.* at 4-D, ¶ 19). It is clear that these searches were not limited to plaintiff or the other inmates who filed grievances. Rather, Jones directed that *all inmates* housed on 3-West and adjacent cells be searched. Moreover, after plaintiff protested his treatment to Sergeant Lambert, he was invited to file a grievance and provided with grievance forms. (*Id.* at 4-F, ¶ 30). That Jones and Lambert may have made "sarcastic and snide remarks" ridiculing plaintiff and the other inmates for filing grievances does not establish a retaliatory motive on the part of these defendants. *See, e.g. Cecil v. Calhoun*, 71 Fed.Appx. 321, 323, 2003 WL 21770831 at *1 (5th Cir. Aug. 1, 2003) (retaliation claim was factually frivolous where prisoner neither showed that he was treated differently than other inmates under the same circumstances nor alleged a chronology of events from which a retaliatory motive could be inferred); *Hines v. Graham*, 320 F.Supp.2d 511, 521 (N.D. Tex. 2004) (prisoner failed to establish retaliatory motive where there was no evidence that grievances "caused" defendants to engage in taunting, threatening, or the filing of disciplinary actions).

2.

Plaintiff's Eighth Amendment claim fares no better. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that a "physical injury" must be more than *de minimis*, but need not be significant. *See Alexander v. Tippah Co.*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). Here, plaintiff concedes that he did not suffer any physical injury as a result of the searches conducted by Jones and the other

detention officers. (*See Spears* Quest. #12). That he was berated, harassed, and verbally abused by the officers during these searches is not actionable under 42 U.S.C. § 1983.[3]

D.

Plaintiff also complains that Jones and Lambert confiscated his legal materials and writing utensils. This claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded on the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S. Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In an attempt to establish a constitutional violation, plaintiff states that Jones and Lambert ordered him to dispose of some of his legal papers, which related to several pending lawsuits, and confiscated his pens and pencils, which forced him to either purchase a felt-tip pen from the jail commissary or request a writing instrument from an officer handling indigent inmate requests. (*See* Plf. Compl. at 4-F, ¶ 29; *Spears* Quest. #13). These allegations fall short of establishing that plaintiff was denied access to the courts. Plaintiff has filed no fewer than 17 civil actions in this

---

[3] The court also notes that verbal abuse, standing alone, does not give rise to a cause of action under 42 U.S.C. § 1983. *See, e.g. Turk v. Thomas*, 121 Fed.Appx. 24, 25, 2005 WL 32817 at *1 (5th Cir. Jan. 6, 2005); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

district within the last year.[4] Thirteen of those cases were filed after September 2006, when Jones and other detention officers confiscated his legal materials and writing utensils. Yet plaintiff has been able to file multiple motions in his lawsuits, comply with all deadlines, and respond to all court orders. Although plaintiff believes that jail officials have "gone to great lengths to hinder, deter, intimidate, delay and deny me from pursuing litigation against them," (*see Spears* Quest. #14), no facts are alleged to support such a claim. The closest plaintiff comes is to complain that he cannot adequately respond to the *Spears* questionnaire in this case because his personal notes were discarded. (*Id.*). However, plaintiff does not explain how his missing notes would help him answer any question. Without some indication that plaintiff has been prejudiced or otherwise harmed by the confiscation of his legal materials and writing instruments, he cannot sue for interference with his right of access to the courts. *See Lann v. Cockrell*, 173 Fed.Appx. 319, 320, 2006 WL 684572 at *1 (5th Cir. Mar. 17, 2006) (confiscation of legal materials did not violate right of access to courts absent evidence that prisoner was actually prejudiced in his ability to pursue a legal claim).

E.

To the extent plaintiff seeks money damages for the destruction of other items of personal property, such a claim is without an arguable basis in law. The intentional deprivation of property does not give rise to a civil rights claim unless the plaintiff can show that state remedies are

---

[4] *Amir-Sharif v. Dallas Co., Tex., et al.,* 3-06-CV-0081 (N.D. Tex, filed Jan. 12, 2006); *Amir-Sharif v. Dallas Co., Tex., et al.,* 3-06-CV-0143 (N.D. Tex., filed Jan. 20, 2006); *Amir-Sharif v. Valdez, et al.,* 3-06-CV-0408 (N.D. Tex., filed Mar. 6, 2006); *Amir-Sharif v. Dallas Co. Public Defender's Office, et al.,* No. 3-06-CV-1038 (N. D. Tex., filed Jun. 12, 2006); *Amir-Sharif v. Howell, et al.,* No. 3-06-CV-1901 (N.D. Tex., filed Oct. 13, 2006); *Amir-Sharif v. Sweet, et al.,* No. 3-06-CV-2127 (N.D. Tex., filed Nov. 16, 2006); *Amir-Sharif v. Valdez, et al.*, No. 3-06-CV-2258 (N.D. Tex., filed Dec. 7, 2006); *Amir-Sharif v. Dallas, Tex. Sheriff's Dep't, et al.,* No. 3-06-CV-2268 (N.D. Tex., filed Dec. 8, 2006); *Amir-Sharif v. Gonzalez, et al.,* No. 3-06-CV-2269 (N.D. Tex., filed Dec. 8, 2006); *Amir-Sharif v. Jones, et al.,* No. 3-06-CV-2270 (N.D. Tex., filed Dec. 8, 2006); *Amir-Sharif v. District Attorney's Office, et al.,* No. 3-06-CV-2277 (N.D. Tex., filed Dec. 13, 2006); *Amir-Sharif v. Clayton, et al.,* No. 3-07-CV-0134 (N.D. Tex., filed Jan 22, 2007); *Amir-Sharif v. Commissioners of Dallas, Tex., et al.,* No. 3-07-CV-0175 (N.D. Tex., filed Jan. 26, 2007); *Amir-Sharif v. Univ. of Texas Medical Branch, et al.,* No. 3-07-CV-0176 (N.D. Tex., filed Jan. 26, 2007); *Amir-Sharif v. Martin, et al.*, No. 3-07-CV-0309 (N.D. Tex. Feb. 16, 2007); *Amir-Sharif v. Dallas Co. Jail SRT Unit, et al.*, No. 3-07-CV-310 (N.D. Tex. Feb. 16, 2007); *Amir-Sharif v. Dallas Co. Jail, et al.*, No. 3-07-CV-0311 (N.D. Tex., filed Feb. 16, 2007).

inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Consequently, plaintiff cannot sue under 42 U.S.C. § 1983.

F.

Finally, plaintiff sues Jones and Lambert for intentional infliction of emotional distress under Texas law. (*See* Plf. Compl. at 4-E, ¶ 23). A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Accordingly, plaintiff's intentional infliction of emotional distress claim should be dismissed without prejudice.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His federal claims should be dismissed with prejudice. The court should decline to exercise supplemental jurisdiction over plaintiff's claim for intentional infliction of emotional distress, and that claim should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 21, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE